IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LEAH WILDERSON,<br><br>        Plaintiff,<br>v.<br><br><br>COLUMBIA DEBT RECOVERY, LLC d/b/a GENESIS and EQUIFAX INFORMATION SERVICES, LLC<br><br>        Defendants, | Civil Action Number:<br><br><br><br>COMPLAINT<br><br><br><br>DEMAND FOR JURY TRIAL |

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, Plaintiff LEAH WILDERSON ("Plaintiff"), by and through her attorneys, JAFFER LAW, PLLC, and brings this *Complaint* against Defendants COLUMBIA DEBT RECOVERY, LLC D/B/A GENESIS ("Genesis"), and EQUIFAX INFORMATION SERVICES, LLC collectively referred to as the ("Defendants") and respectfully sets forth, complains, and alleges, upon information and belief, the following:

**PRELIMINARY STATEMENT**

1. This is an action for actual and statutory damages, punitive damages, costs, and attorney's fees according to 15 USC §1681 *et seq.* the Fair Credit Reporting Act ("FCRA"), and 15 U.S.C. § 1692 *et seq.,* commonly known as the Fair Debt Collection Practices Act ("FDCPA").

**JURISDICTION & VENUE**

2. Plaintiff brings this action for damages arising from the Defendant's violations of the FCRA and violations of the FDCPA.

3. The Court has jurisdiction over this matter according to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq. and 15* U.S.C. § 1692p *et seq.*

1

4.    Venue is proper in this judicial district according to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, one of the Defendants resides here, and the Defendants transact business here.

5.    Under Fed. R. Civ. P. 20(a), joinder is proper where: (1) the claims against the defendants arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there is a question of law or fact common to all defendants.

## PARTIES AND SERVICE

6.    At all times relevant, Plaintiff was a resident of Fort Bend County, Texas.

7.    At all times material hereto, Plaintiff is a "Consumer," as defined under 15 U.S.C. § 1681a(c), and 15 U.S.C. § 1692a(3).

**Defendant Columbia Debt Recovery, LLC d/b/a Genesis**

8.    Defendant Columbia Debt Recovery, LLC d/b/a Genesis ("Genesis") is a "person" who furnishes consumer credit information to consumer reporting agencies under 15 U.S.C. § 1681s-2 and a Debt Collector as defined under 15 U.S.C. §1692a(3). Defendant Genesis may be served with process through its registered agent, ILLINOIS CORPORATION SERVICE COMPANY, for service of process at 801 Adlai Stevenson Drive, Springfield, Illinois, 67703-4261.

9.    At all times material hereto, Defendant Genesis is a person who routinely furnishes information concerning Consumers and their debts to Consumer Reporting Agencies to publish consumer reports, as said term is defined in 15 U.S.C § 1681a(d).

10.    Defendant Genesis is also a debt collector that regularly engages in the business of collection of debts and the attempted collection of debts directly or indirectly owed to "creditors", as said term is defined under 15 U.S.C. § 1692a(4)

**Defendant Equifax Information Services, LLC**

11.     Defendant Equifax is a "Consumer Reporting Agency" as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district, with its headquarters located at 1550 Peachtree Street N.W., Atlanta, Georgia 30309. Equifax may be served with process upon ILLINOIS CORPORATION SERVICE COMPANY, its registered agent for service of process, at 801 Adlai Stevenson Drive, Springfield, Illinois 62703-4261

12.     At all times material hereto, Equifax is a consumer reporting agency that regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers to furnish consumer reports, as said term is defined under 15 U.S.C. § 1681d, to third parties.

13.     At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

## FACTUAL ALLEGATIONS

**Background**

14.     On July 11th, 2019, the Plaintiff entered into a Rental Agreement for an apartment at Casa Del Verde Apartments (the "Apartment") with a roommate, Krystal Reynolds (the "Roommate").

15.     The term of the Rental Agreement was supposed to end on August 31, 2020.

16.     At some time before the end of the Rental Agreement term, the Plaintiff moved out of the Apartment and properly notified the leasing office of this.

17.     The Roommate was responsible for the rent for the remainder of the Rental Agreement term.

18.     On September 12, 2019, the Apartment filed an eviction case on the Roommate.

19.     The Roommate was the only defendant listed on the petition for eviction.

20. On September 27, 2019, a judgment was issued against the Roommate stating she owed a remaining balance to the Apartment.

21. On November 6, 2019, The Apartment sent the remaining balance due to the Apartment to Defendant Genesis.

22. On the collections file submission cover sheet sent to Genesis, the Roommate was the only name listed as a former resident.

23. In March 2025, the Plaintiff viewed her Equifax credit report and noticed two collection accounts furnished by Defendant Genesis originating from the Apartment (the "Accounts").

24. Despite not being named on the eviction judgment or the collection file submission cover sheet given to Genesis, Defendant Genesis began falsely or erroneously furnishing to Defendant Equifax that Plaintiff had two open collections with balances of $3,050.00 and $236.00 to the Plaintiff's consumer report.

**Defendant Genesis's violation 1691s-2(b)**

25. In March of 2025, the Plaintiff obtained a copy of her Equifax consumer report and discovered that Defendant Genesis had falsely or erroneously furnished two open collection accounts with unpaid balances of $3,050.00 and $236.00.

26. The false and erroneous reporting by Defendant Genesis affected the Plaintiff's creditworthiness and reputation.

27. On March 22, 2025, the Plaintiff disputed the Accounts with Equifax, detailing the inaccuracy of the Account and attaching supporting documents that include proof of the Roommate being responsible for the Apartment debt and her identifying documents.

28. Defendant Equifax forwarded the dispute and an Automated Consumer Dispute Verification form ("ACDV") to Defendant Genesis.

29. Despite Genesis receiving the dispute, ACDVs, and accompanying documents, Defendant Genesis conducted a superficial investigation and reported back to Defendant Equifax that the information was "accurate" and should remain unchanged on Plaintiff's consumer reports.

30. Defendant Genesis did not evaluate or review the documents that were included with Plaintiff's dispute and ACDV

31. Defendant Genesis did not correct or delete the inaccurate and erroneous information relating to the Accounts but continued to report false and erroneous information to Equifax.

32. As a result of the inaccurate information relating to the Accounts remaining on Plaintiff's consumer report, Plaintiff was denied credit opportunities and will continue to be harmed and injured by Defendant Genesis's erroneous and inaccurate reporting for up to 7 years.

33. Due to Defendant Genesis's negligent or willful failure to conduct a reasonable investigation, the Plaintiff suffers from injury to her creditworthiness and reputation, credit denials, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to her daily routine.

34. For these reasons, Defendant Genesis willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681s-2(b).

**Defendant Genesis's violation of 15 U.S.C. § 1692 et al**

35. For the above reasons, Defendant Genesis has violated the FDCPA by wrongfully attempting to collect on the Accounts from the Plaintiff when she is not the party responsible.

36. Defendant Genesis's conduct injured the Plaintiff by causing the Plaintiff mental anguish, emotional distress, and embarrassment.

**Defendant Equifax's violation of 1681i**

37. Defendant Equifax published the Accounts as open collection accounts with unpaid balances of $3,050.00 and $236.00.

38. The consumer report falsely indicated that Plaintiff had two open collection accounts with unpaid balances, which severely affected Plaintiff's creditworthiness and reputation.

39. On March 22, 2025, the Plaintiff disputed the Accounts with Defendant Equifax, detailing the inaccuracies and attaching supporting documents that include proof of the Roommate being responsible for the Account and her identifying documents.

40. Defendant Equifax acknowledged the receipt of Plaintiff's dispute but did not contact Defendant Genesis or review the supplied documentation provided by the Plaintiff.

41. Instead, Defendant Equifax relied on an automated system that verified the existence of the Accounts without checking the validity of the Plaintiff's dispute.

42. Instead, Defendant Equifax relied on an automated system that verified the existence of the Accounts without checking the validity of the Plaintiff's dispute.

43. It is alleged that Defendant Equifax did nothing more than parrot Defendant Genesis.

44. On March 29, 2025, Equifax sent the Plaintiff a cursory response stating that the disputed Accounts were verified as accurate and would remain in the Plaintiff's consumer report.

45. The Plaintiff was subsequently denied for credit opportunities, citing poor credit as the reason for the denial.

46. To this date, Defendant Equifax continues to publish false and erroneous information relating to the Accounts on Plaintiff's Equifax consumer reports.

47. Defendant Equifax failed to promptly delete or correct the inaccurate information relating to the Accounts.

48. The false and erroneous reporting by Defendant Equifax will continue to cause harm and injury to Plaintiff for up to 7 years.

49. Due to Defendant Equifax's negligent or willful failure to conduct a reasonable reinvestigation, the Plaintiff suffers from injury to her creditworthiness and reputation, credit denials, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to her daily routine.

50. Defendant Experian willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681i.

**Defendant Equifax's violation of 1681e(b)**

51. Defendant Equifax did not establish reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Equifax published a consumer report relating to the Plaintiff, which contained erroneous information about the Accounts.

52. Defendant Equifax did not follow reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Equifax published a consumer report relating to the Plaintiff that contained erroneous information about the Accounts.

53. Defendant Equifax did not delete or correct the false or erroneous information on Plaintiff's consumer reports after receiving disputes from the Plaintiff relating to her consumer report and Accounts.

54. Defendant Equifax's failure to take adequate steps to verify information before Equifax included it in the Plaintiff's consumer reports and later published the report to users, and the false and erroneous reporting by defendant Equifax will continue to cause harm and injury to Plaintiff for up to 7 years.

55. Due to Defendant Equifax's negligent or willful failure to establish or follow reasonable procedure to ensure maximum possible accuracy, the Plaintiff suffers from injury to her creditworthiness and reputation, credit denials, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to her daily routine.

56. Defendant Equifax willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681e (b).

**FIRST CAUSE OF ACTION**
**Violations of the FDCPA as to**
**Defendant Genesis**

57. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

58. The FDCPA prohibits a laundry list of deceptive, abusive, and unfair behavior by Debt collectors, including but not limited to:

> (e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of the character, amount, or legal status of any debt.
>
> (8) Communicating or threatening to communicate to any person credit information which is known, or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

>Section §1692f: A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.
>
>(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

59. For these reasons, Defendant Genesis has violated the FDCPA and is liable to the Plaintiff for actual damages, statutory damages, costs, and reasonable attorney's fees.

## SECOND CAUSE OF ACTION
### Willful Violation of the Fair Credit Reporting Act as to Defendant Genesis
### 15 U.S.C. § 1681s-2(b)

60. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

61. This is an action for negligent violation of the FCRA, U.S.C. § 1681 *et seq*.

62. According to the Act, all persons who furnished information to consumer reporting agencies must participate in reinvestigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

63. According to the Act, a furnisher of disputed information is notified by the consumer reporting agency when the agency receives notice of a dispute from a consumer, such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

64. The results of the investigation by the person must be reported to the consumer reporting agencies, and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to other agencies that were supplied with such information.

65. Defendant Genesis negligently violated 15 U.S.C. § 1681 s-2(b) by the publishing of inaccurate credit information to a credit reporting agency; by failing to fully and properly

investigate the Plaintiff's disputes reported to Defendant Equifax; and by failing to correctly report results of an accurate investigation to the credit reporting agencies.

66. Specifically, Defendant Genesis furnished two open collection accounts with unpaid balances of $3,050.00 and $236.00 even though the Plaintiff is not responsible for the Accounts.

67. Defendant Genesis does not maintain reasonable procedures to assure maximum possible accuracy of the consumer information it contains for furnishing that information to consumer reporting agencies.

68. As a result of the conduct, action, and inaction of Defendant Genesis, the Plaintiff suffered damages via loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

69. The conduct, action, and inaction of Defendant Genesis were willful, rendering Genesis liable for actual, statutory, and punitive damages in an amount to be determined by a jury according to 15 U.S.C. § 1681(n).

70. Plaintiff is entitled to recover costs and reasonable attorneys' fees from Defendant Genesis in an amount to be determined by the court according to 15 U.S.C. § 1681(n).

**THIRD CAUSE OF ACTION**
**Negligent Violation of the Fair Credit Reporting Act as to Defendant Genesis**
**15 U.S.C. § 1681s-2(b)**

71. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

72. This is an action for negligent violation of the FCRA, U.S.C. § 1681 *et seq*.

73. According to the FCRA, all persons who furnished information to consumer reporting agencies must participate in reinvestigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer report.

74. According to FCRA, a furnisher of disputed information is notified by the consumer reporting agency when the agency receives notice of a dispute from a consumer, such as Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

75. The results of the investigation by the person must be reported to consumer reporting agencies and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to other agencies that were supplied with such information.

76. Defendant Genesis negligently violated 15 U.S.C. § 1681s-2(b) by the publishing of inaccurate credit information to a credit reporting agency; by failing to fully and properly investigate Plaintiff's disputes reported to Defendant Equifax; and by failing to correctly report the results of an accurate investigation to the credit reporting agencies.

77. Specifically, Defendant Genesis furnished two open collection accounts with unpaid balances of $3,050.00 and $236.00 even though the Plaintiff is not responsible for the Accounts.

78. Defendant Genesis does not maintain reasonable procedures to assure maximum possible accuracy of the consumer information it contains for furnishing that information to a consumer reporting agency.

79. As a result of the conduct, action, and inaction of Defendant Gensis, Plaintiff suffered damages via loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

80. The conduct, action, and inaction of Defendant Genesis were negligent, rendering Genesis liable for actual, statutory, and punitive damages in an amount to be determined by a jury according to 15 U.S.C. § 1681(o).

81. Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Genesis in an amount to be determined by the Court according to 15 U.S.C. §1681o.

## FOURTH CAUSE OF ACTION
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 U.S.C. § 1681i(a) as to Defendant Equifax**

82. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

83. This is an action for negligent violation of the Fair Credit Reporting Act, U.S.C. § 1681 et seq.

84. Equifax negligently violated 15 U.S.C. § 1681i(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

85. Equifax has negligently failed to comply with the FCRA. The failure of Equifax to comply with the FCRA includes, but is not necessarily limited to, the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

   d) The failure to promptly and adequately investigate information which Transunion had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

   f) The failure to note in the credit report that the Plaintiff disputed the accuracy of

the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

86. As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

87. The conduct, action, and inaction of Equifax was negligent, rendering Equifax liable for actual, statutory, and punitive damages in an amount to be determined by a Judge and/or Jury according to 15 U.S.C. § 1681(n)

88. Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court according to 15 U.S.C. § 1681(n).

89. **WHEREFORE**, Plaintiff, an individual, demands judgment in her favor against Equifax, or damages together with attorney's fees and court costs according to 15 U.S.C. § 1681(o).

**FIFTH CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 U.S.C. § 1681i(a) as to Defendant Equifax**

90. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

91. This is an action for willful violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq*.

92. Equifax willfully violated 15 U.S.C. § 1681(e)(b) by failing to conduct reasonable

reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

93.     Equifax has willfully failed to comply with the FCRA. The failure of Equifax to comply with the FCRA includes, but is not necessarily limited to, the following:

- a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;
- b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;
- c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;
- d) The failure to promptly and adequately investigate information that Equifax had notice was inaccurate;
- e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;
- f) The failure to note in the credit report that Plaintiff disputed the accuracy of the information;
- g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;
- h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

94. As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

95. The conduct, action, and inaction of Equifax was willful, rendering Equifax liable for actual, statutory, and punitive damages in an amount to be determined by a Judge and/or Jury according to 15 U.S.C. § 1681(n).

96. Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court according to 15 U.S.C. § 168l(n).

97. **WHEREFORE,** Plaintiff, an individual, demands judgment in her favor against Equifax for damages, together with attorney's fees and court costs according to 15 U.S.C. § 1681(n)

### SIXTH CAUSE OF ACTION
### Violations of the Fair Credit Reporting Act
### Negligent violation of 15 U.S.C. § 1681e(b) as to Defendant Equifax

98. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

99. This is an action for negligent violation of the FCRA, 15 U.S.C. § 1681 *et seq*.

100. Defendant Equifax violated 15 U.S.C. § 168le(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Equifax maintained concerning Plaintiff.

101. Defendant Equifax has negligently failed to comply with the FCRA. The failure of Equifax to comply with the FCRA includes, but is not necessarily limited to, the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff

       after a reasonable request by Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d) The failure to promptly and adequately investigate information that Transunion had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

102. As a result of the conduct, action, and inaction of Defendant Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

103. The conduct, action, and inaction of Equifax was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

104. Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court according to 15 U.S.C. § 1681(o).

## SEVENTH CAUSE OF ACTION
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 U.S.C. § 1681e(b) as to Defendant Equifax**

105. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

106. This is an action for willful violation of the FCRA 15 U.S.C. § 1681 *et seq.*

107. Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file that Defendant Equifax maintained concerning Plaintiff.

108. Defendant Equifax has willfully failed to comply with the FCRA. The failure of Equifax to comply with the FCRA includes, but is not necessarily limited to, the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

   d) The failure to promptly and adequately investigate information that Equifax had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   f) The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

   g) The failure to promptly delete information that was found to be inaccurate, or

  could not be verified, or that the source of information had advised Equifax to delete;

 h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

109. As a result of the conduct, action, and inaction of Defendant Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

110. The conduct, action, and inaction of Equifax were willful, entitling Plaintiff to damages under 15 U.S.C. § 1681(n).

111. Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court according to 15 U.S.C. § 168l(n).

## DEMAND FOR TRIAL BY JURY

112. Plaintiff requests a trial by jury on all issues and counts so triable, according to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment from each Defendant as follows:

1. Awarding Plaintiff actual damages provided and according to 15 U.S.C. § 1681o(a) from Defendant Equifax;

2. Awarding Plaintiff statutory damages provided for in 15 U.S.C. § 1681n(a) from Defendant Equifax;

3. Awarding Plaintiff punitive damages provided for and according to 15 U.S.C. § 1681n(a)(2) from Defendant Equifax;

4.  Awarding Plaintiff attorneys' fees provided and according to 15 U.S.C. § 1682n(a)(3), and 15 U.S.C. § 1681o(a)(2);

5.  For actual, statutory, and punitive damages provided and according to 15 U.S.C. § 1692 against Defendant Genesis;

6.  Awarding Plaintiff such other and further relief as this Court may deem just and proper.

DATED:  June 18, 2025                                   Respectfully Submitted,

                                                          **JAFFER LAW PLLC**

/s/ *Shawn Jaffer*
**Shawn Jaffer**
GA Bar No: 156625
14335 Cogburn Rd.
Alpharetta, GA 30004
T: (214) 945-0000
F: (888) 530-3910
E-mail: ecf@jaffer.law
**Attorney for Plaintiff**